J. J. GAVIN & CO., INC. (SALOMON & PHILLIPS) *v.* UNITED STATES

No. 7991.—

Entry No. 26970, etc.

(Decided May 1, 1951)

*Lane, Young & Fox (William H. Fox of counsel) for the plaintiff.*
*David N. Edelstein, Assistant Attorney General, for the defendant.*

COLE, Judge: The appeals for reappraisement of leather preservatives, listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation wherein the parties agree that the issues presented herein "are the same in all material respects as the issues decided in *J. J. GAVIN & CO., INC. (SALOMON & PHILLIPS)* v. *UNITED STATES*, C. A. D. 441; and that the record in said case may be incorporated herein."

In the cited case, it was established that the ordinary course of trade in the country of exportation carried the universal practice for manufacturers of and dealers in merchandise, like that under consideration, to allow discounts on total money value of different purchases, and that all purchasers received discounts upon the total amount of the invoice, the lower the amount, the less the discount; and the higher the amount, the higher the discount, until a maximum of 17½ per centum on a total amount of £10 or over is reached. Here, as there, the importer seeks the maximum discount of 17½ per centum discount on entered values.

Disallowing said discount, the court, in the *Gavin & Co., Inc.*, case, *supra*, held that the statute, section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500) and section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), contemplates an appraised valuation of imported articles "based upon the unit of quantity and not upon a total money value," and that it cannot include values of other merchandise in combination with the particular items the subject of reappraisement.

The cited case further found that a trade discount of 2½ per centum, plus cash discount of 2½ per centum, was freely offered to all purchasers in the ordinary course of trade without regard to the class of trade or particular monetary value of orders placed, and therefore held such discounts were allowable in determining proper dutiable value.

The written stipulation of submission establishes foreign value, section 402 (c), as amended, *supra*, to be the proper basis for appraisement of the merchandise in question, and that such statutory values are the entered unit values, less 2½ per centum trade discount, less 2½ per centum cash discount, plus cases and packing. Judgment will be rendered accordingly.